IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN BENDER, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 17-406 |
| | ) Chief Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) |
| FORMER MEDICAL SUPERVISOR/ | ) Re: ECF No. 46 |
| DIRECTOR SUSAN BERRIER, UNIT | ) |
| MANAGER MELINIE NAGGY, SGT. | ) |
| MULROY, SUPERINTENDENT LANE, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Presently before the Court is Plaintiff Shawn Bender's Motion for an Order Compelling Discovery, seeking to compel Defendants Berrier, Naggy and Mulroy to answer three sets of outstanding interrogatories. ECF No. 46. Also before the Court is Defendants' Response to the instant Motion. ECF No. 50.

In his Motion, Plaintiff asserts: (1) Defendants did not provide full responses his first set of interrogatories; and (2) Defendants Naggy and Mulroy did not respond at all to his second set of interrogatories; and (3) Defendants Naggy, Mulroy and Berrier did not respond at all to his third set of interrogatories. ECF No. 46 at 2-3.

As this Court has recently explained:

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." …

Rule 37 provides the mechanism to compel discovery from a person or party who refuses to provide discovery. The party moving to compel discovery under Rule 37 bears the initial burden of proving the relevance of the material requested. See Morrison v. Phila. Hous. Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001) (citations omitted). If the movant meets this initial burden, then the burden shifts to the person resisting discovery to establish that discovery of the material requested is

> inappropriate. Momah v. Albert Einstein Med. Ctr., 164 F.R.D. 412, 417 (E.D. Pa. 1996) (citation omitted). The person resisting discovery must explain with specificity why discovery is inappropriate; the boilerplate litany that the discovery sought is overly broad, burdensome, oppressive, vague, or irrelevant is insufficient. See Josephs v. Harris Corp., 677 F.2d 985, 991-92 (3d Cir. 1982).

PEG Bandwidth PA, LLC v. Salsgiver, Inc., Civ. A. No. 16-178, 2017 U.S. Dist. LEXIS 108516, at *3-4 (W.D. Pa. July 13, 2017).

As to Plaintiff's first assertion, concerning the responses he received to his first set of interrogatories, Plaintiff does not describe the interrogatories or the allegedly insufficient responses thereto. He has thus not established that he is entitled to any relief.

As to Plaintiff's second and third assertions, concerning the lack of responses he received to his second and third sets of interrogatories, Defendants assert that they did not respond to Plaintiff's second and third sets of interrogatories to the extent that those interrogatories exceeded in number the permissible 25 interrogatories per party permitted by Federal Rule of Civil Procedure 33(a)(1). ECF No. 50 at 2-3.

Specifically, Defendants asserts that Plaintiff's first set of interrogatories contained 25 interrogatories directed to Defendant Mulroy, 25 interrogatories directed to Defendant Naggy and 16 interrogatories directed to Defendant Berrier. Id. at 2. The second set of interrogatories were directed to Defendants Berrier and Naggy only. Id. Defendant Naggy did not respond to the second set. Id. The third set of interrogatories were directed to Defendant Berrier, Naggy and Mulroy. Id. at 3. No responses were provided. Id.

Plaintiff appears to believe that the 25-interrogatory limit applies to each set of interrogatories. ECF No. 46 at 2. He is incorrect. Rule 33(a)(1) sets a 25-interrogatory limit per party, not per set. James v. Varano, Civ. A. No. 14-1951, 2017 U.S. Dist. LEXIS 91008, at *14-15 (M.D. Pa. June 13, 2017) (citing Fed. R. Civ. P. 33(a)(1)) (holding that defendant did not

have to answer a second set of interrogatories where plaintiff had already propounded 25 interrogatories upon her). Accordingly, Plaintiff is not entitled to relief.

AND NOW, this 18th day of June, 2018, Plaintiff's Motion for an order compelling Defendants Berrier, Naggy and Mulroy to answer three sets of outstanding interrogatories, ECF No. 46, is DENIED.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Shawn Bender
    JK-7413
    S.C.I. Fayette
    50 Overlook Drive
    LaBelle, PA 15450

    All counsel of record via CM/ECF