IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN BENDER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 17-406 |
| ) | Chief Magistrate Judge Maureen P. Kelly |
| v. ) | |
| ) | |
| FORMER MEDICAL SUPERVISOR/ ) | Re: ECF No. 47 |
| DIRECTOR SUSAN BERRIER, UNIT ) | |
| MANAGER MELINIE NAGGY, SGT. ) | |
| MULROY, SUPERINTENDENT LANE, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Presently before the Court is Plaintiff Shawn Bender's Motion for an order compelling Defendants Berrier, Naggy and Mulroy to produce requested documents. ECF No. 47. Also before the Court is Defendants' Response to the instant Motion. ECF No. 50.

In his Motion, Plaintiff asserts that Defendants have not produced documents relating to four categories of documents: (1) an assault by another prisoner on February 11, 2018; (2) Plaintiff's sick call slips from 2010 to present; (3) a report and recommendation made by Defendant Naggy via DC-46; and (4) Grievance No. 622983.

As this Court has recently explained:

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." …

Rule 37 provides the mechanism to compel discovery from a person or party who refuses to provide discovery. The party moving to compel discovery under Rule 37 bears the initial burden of proving the relevance of the material requested. See Morrison v. Phila. Hous. Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001) (citations omitted). If the movant meets this initial burden, then the burden shifts to the person resisting discovery to establish that discovery of the material requested is inappropriate. Momah v. Albert Einstein Med. Ctr., 164 F.R.D. 412, 417 (E.D. Pa. 1996) (citation omitted). The person resisting discovery must explain with

specificity why discovery is inappropriate; the boilerplate litany that the discovery sought is overly broad, burdensome, oppressive, vague, or irrelevant is insufficient. See Josephs v. Harris Corp., 677 F.2d 985, 991-92 (3d Cir. 1982).

PEG Bandwidth PA, LLC v. Salsgiver, Inc., Civ. A. No. 16-178, 2017 U.S. Dist. LEXIS 108516, at *3-4 (W.D. Pa. July 13, 2017).

### A. Documents related to February 11, 2018 assault

As to the first category of documents, concerning an assault by another prisoner on February 11, 2018, Plaintiff asserts that he seeks these documents as evidence in support of his claim for certain Defendants' failure to protect Plaintiff from inmate-on-inmate violence. ECF No. 47 at 3. Defendants assert that they object to this request because "the events of February 11, 2018 postdate Plaintiff's Complaint, and to the extent he wishes to pursue a claim against someone or allegedly sustaining injuries at the hands of another inmate, Defendants respectfully submit that Plaintiff cannot do so through the instant litigation." ECF No. 50 at 3.

Because the documents relate to an incident that occurred after the filing of the Complaint, the Motion is denied as to this category of documents.

### B. Plaintiff's sick call slips

As to the second category of documents sought, "the entirety of sick calls (complaints by Plaintiff) to medical, from: 2010 to year 2018, to date," ECF No. 47 at 3, Defendants represent that they have provided Plaintiff with his medical records through April of 2018. ECF No. 50 at 3. Defendants do not specify whether the provided medical records contain the documents Plaintiff requested, specifically, "<u>his complaints</u> not the responses by the medical staff and/or Defendant Berrier." ECF No. 47 at 4 (emphasis in original). To the extent the medical records do not contain Plaintiff's sick call slips/complaints, Defendant are ordered to produce them within 14 days of the date of this Order.

### C. Report and recommendation of Defendant Naggy via DC-46

Plaintiff also seeks an order to compel production of the report and recommendation prepared by Defendant Naggy supplied in preparation for a "DC-46 vote." ECF No. 47 at 3, 5. Although neither party describes DC-46, it is a Department of Corrections form for annual review of Restricted Release List ("RRL") designation, referred to as a "vote sheet." Johnson v. Wetzel, Civ. A. No. 16-863, 2016 U.S. Dist. LEXIS 103074, at *3 (M.D. Pa. Aug. 5, 2016). On this vote sheet, prison employees set forth an opinion as to whether a prisoner should remain on the RRL. Id. Prisoners on the RRL will be held in restricted housing unless and until they are taken off the RRL by the Secretary of the Department of Corrections. Id.

Defendants assert that they object "to the production of vote sheets as they are highly confidential and may pose a risk to staff and/or inmates as well as jeopardize institutional safety." ECF No. 50 at 3. Plaintiff appears to believe that a vote sheet and an employee recommendation are separate documents. They are not. Accordingly, this portion of the Motion will be denied.

### D. Grievance No. 622983

Finally, in the fourth category of documents, Plaintiff seeks an order to compel production of Grievance No. 622983. ECF No. 47 at 6. Defendants assert that the grievance was not provided to Plaintiff because it was not authored by him. ECF No. 50 at 3. Plaintiff does not describe the subject of this grievance, only that it is "direct impeachment evidence for Defendant Mulroy who willfully violated Plaintiff's medical rights." Id. at 7. The Court finds that Plaintiff has not carried his burden to prove the relevance of the grievance requested, thus this portion of the Motion will be denied.

AND NOW, this 18th day of June, 2018, Plaintiff's Motion for an order compelling Defendants Berrier, Naggy and Mulroy, ECF No. 47, is GRANTED in part and DENIED in part. The Motion is granted insofar as Defendants are ordered to produce within 14 days of this date any of Plaintiff's sick call slips not contained in medical records already produced. In all other respects, the Motion is denied.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Shawn Bender
JK-7413
S.C.I. Fayette
50 Overlook Drive
LaBelle, PA 15450

All counsel of record via CM/ECF