IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN BENDER, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 17-406 |
| | ) Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) |
| FORMER MEDICAL SUPERVISOR/ | ) |
| DIRECTOR SUSAN BERRIER, UNIT | ) |
| MANAGER MELINIE NAGGY, SGT. | ) |
| MULROY, SUPERINTENDENT LANE, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

**Kelly, Magistrate Judge**

Plaintiff Shawn Bender ("Plaintiff"), an inmate presently incarcerated at the State Correctional Institution at Fayette ("SCI-Fayette"), filed this civil rights action on April 3, 2017. ECF No. 1. In his Complaint, Plaintiff alleges that Defendants violated his Eighth and Fourteenth Amendment rights in failing to provide appropriate prison housing accommodations and failing to protect his medical privacy in connection with severe neurological problems that he suffers.

The Court issued a case management order on January 3, 2018, which scheduled the close of discovery on April 2, 2018, and required Plaintiff to file his pretrial statement by May 2, 2018. ECF No. 38. At Plaintiff's repeated requests, the Court extended the case management deadlines five times, granting Plaintiff more than a year of additional time to pursue discovery. ECF Nos. 42, 43, 45, 52, 57, 58, 62, 63, 64, 66 and 67.

Under the operative Sixth Case Management Order, Plaintiff was required to file his pretrial statement by June 7, 2019, which he failed to do. ECF No. 67. On July 8, 2019, this Court issued an Order to Show Cause directing Plaintiff "to show cause why this case should not be dismissed for Plaintiff's failure to file a Pretrial Statement by June 7, 2019, as ordered by the Court in its Order of January 14, 2019, ECF No. 67." ECF No. 70. Plaintiff was directed to respond on or before July 22, 2019. Id. To date, Plaintiff has failed to respond or provide any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors indicates that the instant action should be dismissed. Factors 1, 3, and 4 all relate to Plaintiff's ongoing failure to comply with this Court's orders so that the case could proceed, and these factors weigh heavily against him. Plaintiff's failure to respond to the Court's orders was not only solely his personal responsibility, but his failure to do

2

so appears willful and, in combination with his numerous requests for extensions of the discovery period, constitutes a history of dilatoriness.

With respect to the second factor, the prejudice to Defendants, Defendants have incurred time and expense to request an extension of their motion for summary judgment deadline due, in part, to Plaintiff's failure to submit a pretrial statement. ECF No. 68 ¶ 2; see also ECF No. 69 (granting extension of deadline to file motion for summary judgment "in light of Plaintiff's failure to file his Pretrial Statement as ordered by 6/7/2019"). In addition, Defendants have suffered general delay in the litigation of this case.

The sixth factor, the meritoriousness of the claim, will be weighed neither in favor nor against Plaintiff, as it is too early in the litigation to assess the merits of Plaintiff's claims. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Plaintiff is proceeding *in forma pauperis*, it does not appear that monetary sanctions are appropriate. Moreover, Plaintiff's failure to comply with the Court's order, which has prevented this case from proceeding, suggests that Plaintiff has no serious interest in pursuing this case. Dismissal, therefore, is the most appropriate action for this Court to take. Mindek, 964 F.2d at 1373.

AND NOW, this 14th day of August 2019, IT IS HEREBY ORDERED that the Complaint filed in the above-captioned case is DISMISSED for failure to prosecute.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the Plaintiff wishes to appeal from this Order he must do so within thirty

(30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: Shawn Bender
JK-7413
50 Overlook Drive
LaBelle, PA 15450

All counsel of record (via CM/ECF)

4